**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC<br><br>      Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC.,<br><br>      Defendant. | C.A. No. 13-615-SLR |
| DATA SPEED TECHNOLOGY LLC<br><br>      Plaintiff,<br><br>  v.<br><br>EMC CORPORATION<br><br>      Defendant. | C.A. No. 13-616-SLR |
| DATA SPEED TECHNOLOGY LLC<br><br>      Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>      Defendant. | C.A. No. 13-617-SLR |
| DATA SPEED TECHNOLOGY LLC<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | C.A. No. 13-620-SLR |

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC<br><br>       Plaintiff,<br><br>  v.<br><br>ORACLE CORPORATION,<br><br>       Defendant. | C.A. No. 13-622-SLR |

**PLAINTIFF DATA SPEED TECHNOLOGY LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS <u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

June 24, 2013

OF COUNSEL:

Alexander C.D. Giza
Marc A. Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
agiza@raklaw.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (sb5938)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Attorneys for Plaintiff,
DATA SPEED TECHNOLOGY LLC

## **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................. 1

II.    LEGAL STANDARD.............................................................................................................. 1

III.    FACTUAL BACKGROUND.................................................................................................. 3

IV.    ARGUMENT .......................................................................................................................... 5

        A.    The Complaint Alleges Ownership Of The '686 Patent:  There Is No Standing Issue. ................................................................................................................5

        B.    Data Speed Tech Is The Sole Owner By Assignment Of The '686 Patent..............6

V.    CONCLUSION....................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arachnid, Inc. V. Merit Indus., Inc.*,
   939 F.2d 1574 (Fed. Cir. 1991)...................................................................................5

*California Institute of Computer Assisted Surgery v. Med Surgical Services, Inc.*,
   No. C. 10-05067-CW, Dkt. No. 21 at 6 (Berger Decl. Ex. 7.) (N.D. Cal. February 16, 2011) .6

*Crown Die & Tool v. Nye Tool & Machine Works*,
   261 U.S. 24 (1923)......................................................................................................6

*Data Speed Technology LLC v. Cisco Systems, Inc.*,
   C.A. No. 1:13-cv-615-SLR ........................................................................................1

*Gould Elecs., Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000).......................................................................................1

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993).....................................................................................2

*Prima Tek II, L.L.C. v. A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000)..................................................................................2

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000)..................................................................................2

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
   944 F.2d 870 (Fed. Cir. 1991)....................................................................................2

*Waterman v. Mackenzie*,
   138 U.S. 252 (1891)...................................................................................................2

*WiAV Solutions LLC v. Motorola, Inc.*,
   631 F.3d 1257 (Fed. Cir. 2010)..................................................................................2

**Statutes**

35 U.S.C. § 100..................................................................................................................2

35 U.S.C § 281...................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................................................1

Rule 12(b)(1) .......................................................................................................................1

I. INTRODUCTION

Data Speed Technology LLC ("Data Speed Tech") has standing to bring its complaint for patent infringement against Defendants Microsoft Corporation ("Microsoft"), Hewlett-Packard Company ("HP"), Oracle Corporation ("Oracle"), Cisco Systems, Inc. ("Cisco") and EMC Corporation ("EMC") (collectively, "Defendants"). It is well-settled law that a complaint need merely allege ownership of the patent-in-suit. Data Speed Tech properly alleged that it "is the owner by assignment" of the patent-in-suit. (D.I. 1 at ¶ 7.)[1] Defendants present no evidence refuting this claim. On a motion to dismiss all allegations in a complaint are assumed to be true. Thus, Data Speed Tech properly alleged ownership of the patent-in-suit and the inquiry ends there.

Although not required by law, Data Speed Tech offers supplementary evidence unequivocally establishing ownership of the patent-in-suit. The four inventors of U.S. Patent No. 5,867, 686 (the "'686 patent") have assigned their interests to Data Speed Tech. Assignments executed by the inventors of the '686 patent gave ownership of the patent application (that would become the '686 patent) to Data Speed Tech.

For the reasons below, this Court should deny Defendants' motion to dismiss.

II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court should treat all well pleaded facts as true and provide the plaintiff the benefit of all reasonable inferences. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Dismissal for lack of constitutional standing is only appropriate

---

[1] For purposes of this motion all citations to the docket, unless otherwise indicated, are to the docket in *Data Speed Technology LLC v. Cisco Systems, Inc.*, C.A. No. 1:13-cv-615-SLR.

when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Patent Act provides a cause of action for infringement for a "patentee" and "the successors in title to the patentee." *See* 35 U.S.C. §§ 100(d), 281; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).  The Federal Circuit has interpreted "patentee" under § 281 effectively to include a party holding a legally protected interest in a patent, including certain exclusive licensees.  *See, e.g., WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury.").  In situations like this where the licensee has received all substantial rights in the patent from the patentee, that licensee is treated as the patentee and has standing to sue in its own name.  *See, e.g., Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891) ("whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which is calls itself, but upon the legal effect of its provisions"); *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000) ("A party that has been granted all substantial rights under the patent is considered the owner regardless of how the parties characterize the transaction that conveyed those rights."); *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991) (holding that the plaintiff had received "all substantial rights" through license and had standing to sue).

III. **FACTUAL BACKGROUND**

Data Speed Tech is the owner by assignment of the '686 patent. In late 1992, three of the four inventors of the '686 patent executed assignment agreements assigning their inventions (including what would be the '686 patent) to variously Peter King, King Companies and Kenneth Conner.[2]

> WHEREAS, it was the intention of the parties to the "Non-Disclosure Agreement" that Mr. King and Mr. Conner, jointly, would be the exclusive owners of the entire right, title and interest in any and all inventions which were disclosed and/or discussed.

(Declaration of Dorian Berger ("Berger Decl.") Ex. 1).

On April 1, 1993, Peter King entered into an agreement that assigned his rights in the '686 patent to Data Speed Technology Corporation.[3]

> The invention entitled "HIGH SPEED REAL TIME CROSS SYSTEM INFORMATION STORAGE SYSTEM' consisting of an information storage system which enables multiple users to access a data base at a speed much faster than known information storage systems.

(Berger Decl. Ex. 2. at 2.)

Thus, when the patent application that became the '686 patent was filed on November 9, 1993 (listing as inventors Bruce Anderson, Jim Hunter, Kenneth Conner and Gregory Spar) the prior Assignment and Security Agreements made King Companies, Data Speed Technology Corporation and Kenneth Conner the owners of the invention that would become the '686 patent.

---

[2] For inventor Bruce Anderson, 50% of his interest was assigned to Kenneth Conner and 50% of his interest to King Companies. For inventors Jim Hunter and Gregory Spar , 50% of their interests were assigned to Kenneth Conner and 50% of their interest was assigned to Peter King. Because Kenneth Conner did not execute an assignment agreement he held a 100% ownership interest in his invention.
[3] Data Speed Technology Corporation is a different entity than Data Speed Technology LLC. Data Speed Technology LLC is the Plaintiff in this case.

3

On March 3, 1994, Data Speed Technology Corporation assigned its ownership interest in the patent application (that would later be the '686 patent) back to Peter King. (Berger Decl. Ex. 3.)

On December 31, 1994, Data Speed Technology Corporation, Peter King, King Companies and Kenneth Conner entered into an agreement that consolidated the various ownership interests so that Peter King owned 75% of the invention and Kenneth Conner owned 25% of the invention and received a royalty free license to the invention. (Berger Decl. Ex. 4.) The December 31, 1994 Agreement contains provisions that retroactively assigned ownership interests. The agreement states, the ownership interests held by James Hunter, Gregory Spar and Bruce Anderson (which had been assigned to James King and King Companies) would be reassigned to Data Speed Technology Corporation. (*Id*. ¶ 10. ) However, the effective date of the reassignment was November 9, 1993 (and the assignment was subject to the April 1, 1993 and March 3, 1994 Agreements). By backdating the assignment, 75% of the ownership interest in the patent application became held by Peter King and 25% of the ownership interest was held by Kenneth Conner.[4]

When the '686 patent was issued by the PTO on February 2, 1999 the owners of the patent based on the prior agreements (*see supra*) were Peter King and Kenneth Conner. On March 14, 2011, Peter King died and his ownership interest in the '686 patent passed to the Peter J. King Revocable Trust. (Berger Decl. Ex. 5.) On February 13, 2013, the Peter J. King Revocable Trust assigned its entire interest in the '686 patent to Kenneth Conner.

> WHEREAS the Peter J. King Revocable Trust [] is willing to grant the entire right, title and interest which it now holds, by operation of law, in and to the Patent Rights, including the '686 Patent to Mr. Kenneth Conner.

---

[4] Paragraph 13 of the December 31, 1994 Agreement allowed Kenneth Conner to take 100% ownership of the patent if Conner paid a sum to Peter King. (Berger Decl. Ex. 4 ¶ 10.) This money was not paid.

(*Id*. at 2.)

Following execution of the February 13, 2013 Agreement, Kenneth Conner was the sole owner of the '686 patent. On February 14, 2013, Kenneth Conner transferred his ownership in the '686 patent to Empire IP. (Berger Decl. Ex. 6.) On April 2, 2013, Empire IP assigned its ownership in the '686 patent to Data Speed Tech. (*Id*.) Defendants themselves recognize "Data Speed, through Empire, was assigned [] the rights of one of the four named inventors on the patent – Kenneth Conner." (D.I. 7 at 4.) Because Kenneth Conner was the sole owner of the '686 patent at the time of the assignment from Kenneth Conner to Empire IP and subsequently Data Speed Tech, Data Speed Tech is now the sole owner of the '686 patent.

## IV.  ARGUMENT

On a motion to dismiss Data Speed Tech is merely required to plead that it possesses legal title to the patent-in-suit. Having properly done that, the inquiry must end. However, to definitely address Defendants' questions regarding ownership of the '686 patent, Data Speed Tech provides supplementary evidence establishing that it is the sole owner of the '686 patent.

### A.  The Complaint Alleges Ownership Of The '686 Patent: There Is No Standing Issue.

Defendants' motion alleges that Data Speed Tech does not have standing to bring this infringement action because Data Speed Tech was not the original holder of legal title and has not been able to produce evidence showing that all the rights in the patent were assigned to Data Speed Tech by the original inventors. (D.I. 7 at 1.) Therefore, according to Defendants, the Complaint fails to state a claim upon which relief can be granted. (*Id*.) The issue in determining standing on a motion to dismiss, however, is whether the claimant pleads legal title ownership of the patents. *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991).

The Complaint alleges that Data Speed owns all right, title and interest in the ''686 patent. (D.I. 1 at ¶ 7.) Accepting these allegations as true, Data Speed possesses legal title ownership of the patent-in-suit. *California Institute of Computer Assisted Surgery v. Med Surgical Services, Inc.*, No. C. 10-05067-CW, Dkt. No. 21 at 6 (Berger Decl. Ex. 7.) (N.D. Cal. February 16, 2011) ("[Plaintiff] alleges that it currently owns the patents and the infringement is ongoing . . . . The pleadings, therefore, are sufficient to support [Plaintiff's] standing to assert its claims.").

### B. Data Speed Tech Is The Sole Owner By Assignment Of The '686 Patent.

Despite the Complaint's unequivocal statement that it is the owner of the patent-in-suit, Data Speed Tech has offered supplementary evidence that following a series of assignments it is the sole owner of the '686 patent. *See supra* § III. Generally, the only entity that can sue for infringement-related damages is the entity holding legal title to a patent at the time of the infringement. *Crown Die & Tool v. Nye Tool & Machine Works,* 261 U.S. 24, 40-41 (1923).

At the time Data Speed Tech initiated suit against Defendants, Data Speed Tech held - and continues to hold - legal title to the '686 patent. All of the rights in the '686 patent were consolidated under Kenneth Conner on February 13, 2013, and subsequently transferred to Data Speed Tech. (Berger Decl. Exs. 5 & 6.)

### V. CONCLUSION

For the reasons set forth above, Data Speed Tech respectfully requests this Court deny Defendants' motion to dismiss Data Speed Tech's complaint.

| | |
|---|---|
| June 24, 2013 | BAYARD, P.A. |
| OF COUNSEL: | /s/ *Stephen B. Brauerman* |
| | Richard D. Kirk (rk0922) |
| Alexander C.D. Giza | Stephen B. Brauerman (sb4952) |
| Marc A. Fenster | Vanessa R. Tiradentes (sb5938) |
| Russ August & Kabat | 222 Delaware Avenue, Suite 900 |
| 12424 Wilshire Boulevard, 12th Floor | Wilmington, DE  19801 |
| Los Angeles, CA 90025-1031 | (302) 655-5000 |
| (310) 826-7474 | rkirk@bayardlaw.com |
| mfenster@raklaw.com | sbrauerman@bayardlaw.com |
| agiza@raklaw.com | vtiradentes@bayardlaw.com |
| | |
| | Attorneys for Plaintiff, |
| | DATA SPEED TECHNOLOGY LLC |